Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
509.315.4507 Telephone
509.315.4585 Facsimile

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL TROUT, on behalf of herself and all others similarly situated, | ) ) ) Case No.: |
| Plaintiff, | ) ) COMPLAINT |
| vs. | ) ) (JURY DEMANDED) |
| LAKE BREEZE INCORPORATED, an Idaho corporation, and CYD ROSSI, an individual, | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Crystal Trout, on behalf of herself and all others similarly situated,

by and through her attorneys *Cameron Sutherland, PLLC*, alleges the following:

## I. COMPLAINT

1.1    This is an action for damages and remedies against LAKE BREEZE

INCORPORATED and CYD ROSSI, hereinafter collectively referred

COMPLAINT - 1

1    to as "Defendants", pursuant to the Fair Debt Collection Practices Act,

2    15 U.S.C. §1692, *et seq.*

3    **II. JURISDICTION & VENUE**

4    2.1    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28

5    U.S.C. § 1337, and 28 U.S.C. § 1331. Declaratory relief is available

6    pursuant to 28 U.S.C. § 2201 and § 2202.

7    2.2    Venue is proper in this District under 28 U.S.C. § 1391(b) because the

8    Defendants conduct affairs and transact business in this District, and

9    the unlawful acts giving rise to this Complaint occurred in this

10   District.

11   **III. FEDERAL QUESTION**
     **SUBJECT MATTER JURISDICTION**

12   3.1    Plaintiff Crystal Trout is a "consumer" as defined by the FDCPA 15

13   U.S.C. § 1692a(3).

14   3.2    Plaintiff Trout is a natural person.

15   3.3    Plaintiff Trout is alleged to be obligated to pay a debt to Defendant

16   Lake Breeze Incorporated, an Idaho corporation conducting business

17   in the state of Washington and elsewhere, and Plaintiff Trout's former

18   landlord.

19

20

21   COMPLAINT – 2

3.4 Plaintiff Trout's alleged debt was an obligation to pay money to Lake Breeze Incorporated arising out of a transaction primarily for personal, family, or household purposes.

3.5 The debt that Defendant Lake Breeze Incorporated alleges Plaintiff Trout owes is for charges related to rent, late charge, and "dailies" in Plaintiff Trout's apartment residence managed by Defendant Lake Breeze Incorporated.

3.6 In the process of collecting alleged debts, Defendants use a name other than its own which would indicate that a third person is collecting or attempting to collect debts.

3.7 In its attempt to collect debts, Defendants use the name "Landlord Protection Agency" or "LPA".

3.8 The Landlord Protection Agency is not involved in the collection of debts allegedly owed to Defendants.

3.9 Defendant Cyd Rossi is an employee of Lake Breeze Incorporated.

3.10 Defendant Cyd Rossi regularly uses the telephone, email correspondence, and written letters in efforts to collect debts for Defendant Lake Breeze Incorporated.

3.11 When collecting debts for Lake Breeze Incorporated, Cyd Rossi uses the name Landlord Protection Agency or LPA.

COMPLAINT - 3

1   3.12   All acts and omissions by Defendant Cyd Rossi related to the facts

2   alleged in this lawsuit were performed in the course and scope of his

3   employment at Defendant Lake Breeze Incorporated.

4   3.13   Defendant Lake Breeze Incorporated is a "debt collector" as defined

5   by the FDCPA, 15 U.S.C. § 1692a(6).

6   3.14   Defendant Cyd Rossi is a "debt collector" as defined by the FDCPA,

7   15 U.S.C. §1692a(6).

8   3.15   Defendants were attempting to collect a "debt" as defined by FDCPA,

9   15 U.S.C. §1692a(5).

10  3.16   Defendants' conduct is regulated by the FDCPA.

11                              IV. PARTIES

12  4.1   At all relevant times, Plaintiff Trout was a resident of the state of

13  Washington, residing within the territorial jurisdiction area of the

14  United States District Court for the Eastern District of Washington.

15  4.2   Defendant Lake Breeze Incorporated is an Idaho corporation primarily

16  engaged in the business of managing rental properties in the state of

17  Washington and elsewhere.

18  4.3   At all relevant times Defendant Cyd Rossi is believed to be a resident

19  of Idaho.

20  ////

21  COMPLAINT – 4

## V. FACTS

5.1   On or about June 5, 2015, Plaintiff Trout entered into a lease

agreement for an apartment located at 12823 W 13th Ave., Airway

Heights, WA, commonly known as the Crestwood Park Apartments.

5.2   During Plaintiff Trout's tenancy, Defendant Lake Breeze Incorporated

was the property manager for Crestwood Park Apartments.

5.3   During Plaintiff Trout's tenancy, Defendant Cyd Rossi acted as the

on-site manager for the Crestwood Park Apartments.

5.4   On or about June 15, 2016, Plaintiff Trout received a written notice

from Defendants, alleging that $760.00 was due in outstanding rent,

late fees, and "dailies." A true and exact copy is attached hereto as

Exhibit A.

5.5   At the top center of the June 15, 2016 Notice were the words

"WARNING! URGENT NOTICE!" printed in large red letters.

5.6   A logo for "The Landlord Protection Agency," printed in red and

black, appeared prominently on the top left hand side of the June 15,

2016 Notice.  Ex. A.

5.7   The branding tag "©By The Landlord Protection Agency, Inc.

Updated January 2014" appeared at the top right hand side of the June

15, 2016, Notice.  Ex. A.

COMPLAINT – 5

5.8     The June 15, 2016, Notice informed Ms. Trout in red print "This is a

demand for payment. All accounts late beyond the sixth day after due

date are in pending eviction status. Attorney's fees will soon be

added on. Please keep in mind that our organization reports positive

and negative information to Tenant and/or Credit Reporting

Agencies." Ex. A.

5.9     At the bottom center of the June 15, 2016 Notice, in a bold teal box,

the Notice stated "IMMEDIATE TELEPHONE CONTACT

REQUESTED ADVISE US OF YOUR STATUS."

5.10    The June 15, 2016, Notice concluded by threatening at the bottom

center of the document in red print "PROTECT YOUR CREDIT! Our

office now has access to report to credit bureaus!" Ex. A.

5.11    The June 15, 2016, Notice created the false belief in Ms. Trout that

The Landlord Protection Agency was involved in and attempting to

collect a debt from her, when in fact The Landlord Protection Agency

was not so participating in the collection. Ex. A.

5.12    The June 15, 2015 Notice was filled in and signed by Defendant Cyd

Rossi, and informed Ms. Trout if that she had any questions to contact

him. Ex. A.

COMPLAINT - 6

1    5.13    Defendant Cyd Rossi is not employed by The Landlord Protection

2    Agency.

3    5.14    The Landlord Protection Agency is not a licensed collection agency in

4    the state of Washington.

5    5.15    The Landlord Protection Agency is not a registered DBA name for

6    Defendant Lake Breeze Incorporated.

7    5.16    Defendants' use of the name The Landlord Protection Agency

8    indicates that a third-party is collecting or attempting to collect debts

9    for Defendant Lake Breeze Incorporated.

10    5.17    The communication from Defendants contained an address for Lake

11    Breeze Incorporated.

12    5.18    The communication from Defendants did not contain a business

13    address for The Landlord Protection Agency.

14    5.19    The communication(s) from Defendant Cyd Rossi was sent in

15    furtherance of his job duties at Lake Breeze Incorporated.

16    5.20    The communication(s) from Defendants was an attempt to collect a

17    debt from Ms. Trout.

18    VI. VIOLATIONS OF THE FDCPA

19    6.1    The communication(s) from Defendants to Plaintiff Trout did not

20    contain the disclosures required by 15 U.S.C. § 1692e.

21    COMPLAINT - 7

1      6.2   The communication(s) from Defendants to Plaintiff Trout did not

2   contain the disclosures required by 15 U.S.C. § 1692g.

3                           VII. CLASS ALLEGATIONS

4      7.1   This action is brought on behalf of a class consisting of:

5      7.1.1   All persons who within the one year preceding the filing of this

6   Complaint received any communication from Defendants that

7   were an attempt to collect a debt;

8      7.1.2   Where such communication contained the name "The Landlord

9   Protection Agency", and/or "LPA";

10      7.1.3   Where such communication did not contain the disclosures

11   required by the FDCPA.

12      7.2   Plaintiff Trout has the same claims as the members of the class. All of

13   the claims are based on the same factual and legal theories.

14      7.3   Plaintiff Trout will fairly and adequately represent the interests of the

15   class members. She is committed to vigorously litigating this matter.

16      7.4   Neither Plaintiff Trout nor her counsel have any interests which might

17   cause them not to vigorously pursue this claim.

18      7.5   A class action is a superior method for the fair and efficient

19   adjudication of this controversy.

20

21   COMPLAINT - 8

7.6 Class wide damages are essential to induce Defendants to comply with the law.

7.7 The interest of the class members in individually controlling the presentation of separate claims against Defendants is small because the amount of damages recoverable in a statutory FDCPA damages case is relatively small.

7.8 Certification of a class pursuant to Fed.R.Civ.Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

7.9 Certification of a class pursuant to Fed.R.Civ.Pro. 23(b)(2) is also appropriate. Defendants acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

////

VIII. DEMAND

WHEREFORE, Plaintiff Trout demands judgment as follows:

COMPLAINT - 9

8.1    Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2);

8.2    Costs and reasonable attorney's fees pursuant to the FDCPA, 15
U.S.C. § 1692k(a)(3);

8.3    Declaratory judgment that Defendants' practices violate the FDCPA;

and

8.4    Such other and further relief as may be just and proper.

DATED this ___17___ day of June, 2017.

*Cameron Sutherland, PLLC*

/s Shayne Sutherland

Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
Attorneys for Plaintiff

COMPLAINT - 10

EXHIBIT A

© 2000 By The Landlord Protection Agency, Inc.
Updated January 2014

Lake Breeze Corp Management
4922 W. Village Blvd., Unit 8
Rathdrum, Idaho 83858
208-818-2021

# WARNING!

## URGENT NOTICE

To: ____________ ss#: xxx-xx-1826 Date: 6/10/2016

ss#: ____________ Balance Due $ 760

Address: ____________

Your rent in the amount of $ 525
Plus a late charge of $ 50 Initial late charge as of the 5th day after due date
Plus dailies: $ 40 As of 6/15 4 day(s) @ $10 Per day)

Total Due As of Today: $ 760.00

X Includes Past Due charges from prior months
__ This Balance Does not include past due charges from prior months

---

... pending eviction status. Attorney's fees will soon be added on. Please keep in mind that our organization reports positive and negative information to Tenant and/or Credit Reporting Agencies

*Remember, daily late charges at $10.00 a day (as in your lease, after the 5 of the month) can add up. They are an incentive to pay your rent promptly. Please try to avoid them. If you have already sent your rent, but not your late charge, please forward it promptly TO AVOID ADDITIONAL CHARGES. Thank you.*

Any questions, call your manager: ____________ Ph.#: 208-818-2021

IMMEDIATE TELEPHONE CONTACT REQUESTED
ADVISE US OF YOUR STATUS

PROTECT YOUR CREDIT!

EXHIBIT A - 001