FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL TROUT, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKE BREEZE INCORPORATED, an Idaho corporation, and CYD ROSSI, an individual,<br><br>    Defendants. | NO. 2:17-cv-00214-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiff's Motion for Entry of Default Judgment, ECF No. 18. Plaintiff requests the Court grant default judgment against Defendant Lake Breeze Incorporated ("Lake Breeze"), and requests a monetary award for damages, including costs and reasonable attorneys' fees. The motion was heard without oral argument. For the reasons set-forth below, the Court denies Plaintiff's motion.

**FACTS**

On June 5, 2015, Plaintiff Crystal Trout entered into a lease agreement for an apartment at the Crestwood Park apartment complex located in Airway Heights, Washington. Lake Breeze managed the apartment complex, while its employee, Defendant Cyd Rossi, acted as the on-site manager.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ^ 1**

About a year later, Plaintiff received a written notice alleging she owed Defendants $760.00 in outstanding rent, late fees, and "dailies." The notice warned Plaintiff that failure to pay could result in eviction status, additional fines, and a negative report to credit reporting agencies. The notice appeared to be sent by an organization titled the "Landlord Protection Agency, Inc."

Plaintiff soon became aware that the notice was in fact sent by Defendant Cyd Rossi in an attempt to collect a debt for Lake Breeze under the guise of a third-party collection agency. This caused Plaintiff to file the instant action challenging Defendants' deceptive antics pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Lake Breeze did not respond or otherwise defend against Plaintiff's Complaint. Accordingly, the Clerk of Court entered an Order of Default against Lake Breeze. ECF No. 17. Plaintiff now seeks default judgment against Lake Breeze, and requests the Court award damages, including costs and reasonable attorneys' fees.

## STANDARD

The entry of default judgment is "an extreme measure." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). To determine whether default judgment is appropriate, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). All well-pleaded allegations in a complaint are deemed admitted on a motion for

default judgment. *In re Visioneering Const. v. U.S. Fidelity & Guaranty*, 661 F.2d 119, 124 (9th Cir. 1981).

**ANALYSIS**

The Court declines to enter default judgment against Lake Breeze because Plaintiff's FDCPA claim fails as a matter of law. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To state a claim under the FDCPA, a plaintiff must allege: (1) plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (3) defendant "committed some act or omissions in violation of the FDCPA," 15 U.S.C. §§ 1692a-1692o. *Beck v. U.S. Bank Nat'l Ass'n*, No. C17-0882JLR, 2017 WL 6389330, at *9 (W.D. Wash. Dec. 14, 2017).

For purposes of a claim based on 15 U.S.C. § 1692e, the FDCPA defines a "debt collector" as "any person who . . . [engages] in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted *to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). "[B]y its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, __ U.S. __, 137 S. Ct. 1718, 1721-22 (2017).

In this case, Lake Breeze does not fall within the definition of a "debt collector." Plaintiff's Complaint alleges Lake Breeze and its employee[1] used a fictitious agency in an attempt to collect a debt for itself. ECF No. 1 at ¶ 5.11. The

---

[1] Plaintiff's Complaint alleges that all acts and omissions by Defendant Cyd Rossi related to the facts alleged in the lawsuit were performed in the course and scope of his employment with Lake Breeze Incorporated.

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ^ 3**

Complaint makes clear the "Landlord Protection Agency, Inc." is not involved in the collection of debts allegedly owed to Lake Breeze. What we are left with is Lake Breeze, a debt owner, attempting to collect a debt owed to it. Thus, Plaintiff's Complaint fails to state a FDCPA claim because, as a matter of law, Lake Breeze is not a "debt collector" within the meaning of the statute.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 26th day of February 2018.

_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ^ 4**